IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION<br>1333 H Street, NW<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>vs.<br><br>U.S. DEPARTMENT OF COMMERCE<br>1401 Constitution Avenue NW<br>Washington, D.C. 20230,<br><br>*Defendant*. | Case No. |

# COMPLAINT

Plaintiff Democracy Forward Foundation brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), against Defendant U.S. Department of Commerce ("DOC" or "agency") seeking injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

3. Because Defendant has failed to comply with the applicable time limit provisions in FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(A)(6)(C)(i).

## PARTIES

4. Plaintiff Democracy Forward Foundation is a not-for-profit organization

incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

5. Defendant DOC is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C., and has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

6. On March 29, 2018, Plaintiff submitted a FOIA request to DOC, seeking access to the following records:

- All records related to the appointment or hiring of Wendy L. Teramoto, Gilbert Kaplan, Joseph A. Laroski, Stephen Paul Vaughn, Brian Lenihan, and Prentiss Lee Smith, including all records related to ethics paperwork, recusals, and terms of employment or termination.

The time period for search 1 is January 20, 2016 through the date the search is conducted.

- All records related to the involvement by Wendy L. Teramoto, Brian Lenihan, or Stephen Paul Vaughn in the development, analysis, or implementation of any tariffs related to steel and aluminum.

- All calendar entries, including all attachments to any such entries, for Wendy L. Teramoto, Brian Lenihan, or Stephen Paul Vaughn.

The time period for searches 2–3 is January 20, 2016 through March 21, 2018.

- All communications, including all attachments to any such communications, involving King & Spalding and related to the exclusion of specific products from any tariffs related to steel or aluminum.

- All calendar entries, including all attachments to any such entries, for Gilbert Kaplan, Joseph A. Laroski, Stephen Paul Vaughn, or Prentiss Lee Smith.

- All records related to any consideration, analysis, or implementation of any country-specific exemptions from any tariffs related to steel or aluminum, including exemptions for Argentina, Australia, Brazil, the European Union, and South Korea.

The time period for searches 4–6 is March 1, 2018 through the date the search is conducted.

7. The March 29 FOIA request further sought a waiver of all fees associated with the request.

8. Notwithstanding the statutory obligation to make a determination on Plaintiff's request within 20 working days, DOC has not acknowledged receipt of plaintiff's FOIA, made no determination on Plaintiff's request, nor has the agency produced any materials in response to that request.

9. Through DOC's failure to respond within the statutory time limit, Plaintiff has constructively exhausted its administrative remedies and seeks immediate judicial review.

## CLAIM FOR RELIEF

### Count One (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

11. By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4. Order Defendant to grant in full Plaintiff's request for a fee waiver;

5. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. Grant any other relief this Court deems appropriate.

Dated: July 31, 2018

        Respectfully submitted,

        */s/ Karianne M. Jones*

        Javier M. Guzman, Bar No. 462679
        Karianne M. Jones, Bar No. 187783
        Democracy Forward Foundation
        P.O. Box 34553
        Washington, D.C. 20043
        (202) 448-9090
        jguzman@democracyforward.org
        kjones@democracyforward.org